### STANLEY CHAMBERLAIN v. THE STATE.

#### No. 3951. Decided February 23, 1916.

#### 1.—Robbery—Continuance—Cumulative Evidence—Alibi.

Where, upon trial of robbery, the absent testimony was cumulative in character, and besides the defendant did not introduce the witnesses present by

which he should have established the same testimony as to his alibi, but closed his case without introducing any testimony, there was no error in overruling the motion for continuance, which was the second application. Following Nolen v. State, 14 Texas Crim. App., 474.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of robbery, the evidence sustained the conviction, there was no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The State's testimony showed that the party injured was assaulted in the night-time, in the City of Dallas, by defendant and another, who took his money from him, and that he recognized defendant by the street lights. The defendant claimed an alibi.

*C. A. Pippen* and *J. J. Fagan,* for appellant.—On question of overruling motion for continuance: Pinckford v. State, 13 Texas Crim. App., 468; Smythe v. State, 17 id., 244; Thomas v. State, 51 Texas Crim. Rep., 329; Smith v. State, 44 id., 90.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of robbery and his punishment assessed at five years confinement in the State penitentiary.

The only bill of exceptions in the record relates to the action of the court in overruling appellant's second application for a continuance. On a trial at a former term of the court Elmer Looper appeared as a witness and testified to facts which would tend to support appellant's plea that he was not in Dallas at the time the robbery occurred, but was in Fort Worth that night. Since that trial appellant says he has learned Looper has left the State permanently, and he could prove that fact by one Floyd Fox. Upon proof that Looper was no longer a resident of this State, then the testimony of Looper given at a former trial would become admissible. It is on account of the failure to secure the attendance of Fox to make this proof the application to continue is based. It is not stated it was expected to prove any other fact by Fox than that Looper was no longer a resident of the State. So that the application must be considered as an insistence on the testimony of Looper. It is extremely doubtful if the diligence used was sufficient. A subpoena was first issued for "George" Fox. Upon the return of the officer showing that no such person lived in Tarrant County, appellant, on the day the case was called for trial, said he was mistaken as to the name of the witness; that the witness was named "Floyd" Fox, and had a subpoena then issued for Floyd Fox. This witness was not secured. But regardless of diligence, we do not think the bill as qualified by the court presents error. The court says in approving the bill:

"This case was tried at a 'former term of this court; the defendant was convicted and a motion for new trial granted. Among other matters set up as ground for new trial in said motion, were the absence of one C. E. Wagner whom the defendant averred would testify that the said Wagner left the City of Dallas with the defendant prior to the date alleged in the indictment, and remained with the defendant—not being separated from him at any time for a period of more than thirty minutes in the City of Fort Worth until a day or two subsequent to the time alleged in the indictment that said offense was committed.

"In support of said allegations the defendant attached to said motion for a new trial the affidavit of C. E. Wagner, which states in effect the substance relied upon by the defendant as one of his grounds in said motion for new trial. Paragraphs 7, 8, 9, 10, 11, 12, 13, 14 and 15 of defendant's motion for new trial in said cause, together with a copy of the affidavit of the said C. E. Wagner which was attached to said motion for new trial, are attached to this qualification marked exhibit 'A' and made a portion hereof. That said motion for new trial was sustained; and at the trial of this cause, which resulted in the conviction from which defendant now appeals, the said C. E. Wagner was by bench warrant of this court produced in the court-room from the county jail of Grimes County at the time announcement in the case was made, was sworn in as a witness and remained in attendance upon court as a witness during the entire trial of this cause.

"That the wife of the defendant, Edna May Chamberlain, testified upon habeas corpus trial filed by the defendant in this cause—hearing of same being held May 13, 1915—in substance as follows:

"'That the defendant was at the house of his wife, who is a keeper of a house of prostitution in the City of Fort Worth, Texas, on the night the offense alleged in the indictment in this cause was committed; that he remained in the City of Fort Worth, and at her place in said city, until a period later in the night than the testimony in this cause shows the offense was committed in the City of Dallas.'

"That the testimony of the witness Elmer Looper could have only been cumulative of the testimony of the defendant's wife and of the testimony of said C. E. Wagner, and was not the only testimony available to defendant by which to establish an alibi. That the defendant during the trial of the case which resulted in the conviction from which this appeal is taken, did not introduce either his wife or the witness C. E. Wagner upon the stand in an attempt to establish an alibi in this cause. That when the State rested its case the defendant introduced no testimony, but closed his case—no attempt being made by the defendant to establish an alibi or to establish any other defensive matters; the defendant relying upon the supposed failure of the State to make out its case against the defendant."

It is thus made to appear that this was the second application for a continuance; that the testimony of Looper would be but cumulative of the testimony of appellant's wife and the witness Wagner, who were in attendance on court. That appellant placed neither of them on the

witness stand, and it has always been the rule in this court that if witnesses are in attendance on court who would testify to the same facts as it is alleged in the application the absent witness would testify to, and they are not placed on the stand, there is no error in refusing to continue the case. Nolen v. State, 14 Texas Crim. App., 474, and cases cited in sec. 644, White's Ann. Proc.

The only other ground is the alleged unsatisfactory evidence. We have carefully reviewed the entire record, and we are of the opinion the evidence will and does support the verdict.

The judgment is affirmed.

*Affirmed.*